**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| LEWIS KEY, JR., a.k.a. | : | |
| Samuel Lewis Key, Jr.[1] | : | |
| | : | |
| Plaintiff, | : | |
| vs. | : | CASE NO: 5:13-CV-0134-MTT-MSH |
| | : | |
| GIL HARRINGTON, et. al. | : | |
| | : | |
| Defendants. | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| | : | BEFORE THE U.S. MAGISTRATE JUDGE |

_____

## ORDER & RECOMMENDATION

Plaintiff Lewis Key, Jr. (a.k.a. "Samuel Lewis Key, Jr."), a state inmate currently confined at Coastal State Prison in Garden City, Georgia, filed this *pro se* civil rights action under 42 U.S.C. § 1983 and seeks to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).   Based on Plaintiff's submissions, the undersigned finds that Plaintiff is presently unable to pre-pay any portion of the filing fee. Plaintiff's Motion to Proceed *in forma pauperis* (ECF No. 2) is therefore **GRANTED**, and the initial partial filing fee required by 28 U.S.C. § 1915(b)(1) will be waived.   The $350.00 filing fee is not entirely waived, however; Plaintiff is still obligated to pay the full fee as directed herein.   For this reason, the Clerk shall send a copy of this Order & Recommendation to the warden and/or business manager of Coastal State Prison.

_____

1 Plaintiff filed this action under the name "Louis Key, Jr."   A review of both the Georgia Department of Corrections website and court records on the U.S. District Web PACER Docket Report confirmed that Plaintiff's full name is "***Samuel* Lewis Key, Jr.**" (GDC # 0000427303) and that he has filed prior lawsuits under this name.   *See e.g., Key v. Upton*, No. 5:09-cv-00292-CAR-CWH (M.D. Ga. 2009).   The Clerk is accordingly **DIRECTED** to amend the Docket to show both names in the court records.   At this time, the undersigned is only able to confirm one prior strike for the purposes of 28 U.S.C. §1915(g).   *See id.*

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," the district court is also required to conduct a preliminary screening of his Complaint. *See* 28 U.S.C. § 1915A(a). Having now completed this review, the undersigned finds that Plaintiff's claims against Defendants Dr. Cravey, William Currey, and Linda "Doe" should be allowed to go forward for further factual development. It is **RECOMMENDED**, however, that all other claims brought pursuant to §1983 be **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915A(b)(1). Plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order. *See* 28 U.S.C. § 636(b)(1).

## STANDARD OF REVIEW

When conducting preliminary screening pursuant to 28 U.S.C. § 1915A(a), the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and will be "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). A *pro se* prisoner's pleading is, nonetheless, subject to dismissal prior to service if the court finds that the complaint, when viewed liberally and in the light most favorable to the plaintiff, is frivolous or malicious or that the complaint otherwise fails to state a claim upon which relief may be granted. *See* 28 U.S.C. §1915A(b)(1). *See also* 28 U.S.C. §1915(2)(B) (requiring the same when a plaintiff is proceeding *in forma pauperis*).

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless."

*Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993).  A prisoner's complaint is thus properly dismissed by the district court *sua sponte* if it is found to be "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001); 28 U.S.C. §1915A.

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  To state a cognizable claim, the allegations in the complaint must also do more than "merely create[] a suspicion [of] a legally cognizable right of action." *Id.* at 555.  "Pleadings must be something more than an ingenious academic exercise in the conceivable."  *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) (citation omitted)).  "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").  Therefore, to survive a §1915A preliminary review, a prisoner's complaint must "raise the right to relief above the speculative level" by alleging facts which create "a reasonable expectation" that discovery will reveal the evidence necessary to prove a claim.  *See Twombly*, 550 U.S. at 555-56.

To state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting

under color of state law.   *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1581 (11th Cir. 1995).

If a litigant cannot satisfy these requirements, or fails to provide factual allegations in

support of his claim or claims, the complaint must be dismissed.   *See Chappell v. Rich*,

340 F.3d 1279, 1282-84 (11th Cir. 2003); 28 U.S.C. § 1915A(b).

## ANALYSIS OF CLAIMS

The present action arises out of the medical care provided to Plaintiff while

confined at River Willows Nursing Center ("River Willows").   According to the

Complaint, Plaintiff (a disabled prisoner previously confined at Johnsonville State Prison)

was transferred to River Willows "on a medical reprieve" in February of 2011.   During the

transfer, Plaintiff was apparently "thrown from his wheelchair" and his left leg was badly

scratched by the grill on the inside of the transport van.

Plaintiff's injury was reported upon his arrival at River Willows, and he was given a

band-aid.   Plaintiff's "scratch" later became swollen and painful.   Plaintiff complained

multiple times and received medical treatment.   However, for months, physicians at River

Willows refused to refer Plaintiff to an outside specialist.   Finally, by happen-chance,

Plaintiff's injury was observed by a "V.A. Representative," who then allegedly took steps

to have Plaintiff's leg examined by a doctor at the Dublin V.A. Medical Center.

Plaintiff was taken to the hospital a week later, and physicians there advised

Plaintiff that he had contracted a "M.R.S.A" infection.   Medication for the staph infection

was prescribed, and the prescription was faxed to River Willows.   The staff at River

Willows allegedly failed to fill the prescription, however; and Plaintiff had to make an

appointment to return to the V.A. Medical Center to obtain medication.   River Willows

4

staff physicians, including Dr. Cravey, also allegedly refused to follow the course of treatment ordered by doctors at the V.A.   Thus, after some period of time, Plaintiff again contacted the V.A. for medical treatment, and "[a]fter [several] MRI's and bone scans, Plaintiff was told that [his] leg had set-up 'gang-green' and would have to come off or it would 'kill' Plaintiff in a short time."

When Plaintiff returned from the hospital, he began writing attorneys, presumably about a possible lawsuit against River Willows.   Plaintiff alleges that River Willows staff then began interfering with his mail and kept copies of letters Plaintiff wrote to his attorney.   Plaintiff also filed grievances regarding his medical care and complained about the interference with his mail to the facility director, Defendant Bryan Hart.   The day after Plaintiff complained to Hart, parole officer William Currey and social worker Linda "Doe" allegedly threatened to send Plaintiff back to Johnsonville State Prison if he "kept making problems for River Willows . . . ."

Plaintiff's attorney then called River Willows to schedule a visit with Plaintiff. The next day, Defendants Currey and Doe put Plaintiff on "room restriction."   Currey then allegedly warned Plaintiff that if he spoke with an attorney, it would be "from Jacksonville State Prison" and that he would throw out Plaintiff's legal papers.   Plaintiff was later transferred back to state prison for "failing to carry out instructions" from Currey.

Plaintiff has now filed the present civil rights lawsuit against multiple Defendants: River Willows Nursing Center; its owner, Gil Harrington; administrator Bryan Hart; division director Jay Lacieski; former administrator "Jane Doe"; staff physicians Dr. Cravey and Dr. White; social worker Linda "Doe"; parole officer William Currey; the

"Johnson State Prison transportation officers"; and the Georgia State Board of Pardons and Paroles.

    A.    Defendants River Willows, Jay Lacieski," "Jane Doe," and Dr. White

Plaintiff names River Willows Nursing Center, its division director Jay Lacieski, former administrator "Jane Doe," and staff physician Dr. White as parties in the caption of his Complaint. His factual allegations, however, fail to state any claim against these defendants.

Plaintiff's Complaint in fact fails to make *any* material allegations against Defendants Jay, Lacieski, "Jane Doe," or Dr. White. The Complaint merely identifies these individuals as employees of River Willows. It is well-settled that a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendants with the alleged constitutional violation. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").

Though Plaintiff does reference Defendant River Willows several times in the body of his Complaint, the allegations still fail to include the material facts necessary to state a §1983 claim against the nursing center. A private contractor, like River Willows, who operates a prison service cannot be sued directly under § 1983, unless the alleged constitutional deprivation occurred as a direct result of the contractor's official policies or customs. *See e.g., Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir.1997) (holding that when

a private corporation contracts with the county to provide medical services to inmates, the entity should be treated as a municipality).   Plaintiff does not allege that River Willow Nursing Center maintained any policy or custom that resulted in the denial of his constitutional rights.

It is thus **RECOMMENDED** that Plaintiff's §1983 claims against River Willows Nursing Center, Jay Lacieski, "Jane Doe," and Dr. White be **DISMISSED** *without prejudice* for failure to state a claim.   *See* 28 U.S.C. §1915A(b)(1).

> B.       Defendants Gil Harrington and Bryan Hart

Plaintiff's Complaint also fails to state cognizable claims against Gil Harrington and Bryan Hart.   Even assuming that Plaintiff can establish that River Willows employees are state actors subject to suit under §1983, it is apparent from his allegations that Plaintiff's claims against these defendants are based upon a theory of respondeat superior. A prisoner may not state a claim based upon a theory of respondent superior or vicarious liability under § 1983. *Miller v. King*, 384 F.3d 1248, 1261 (11th Cir. 2004) (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003)), vacated on other grounds, 449 F.3d 1149 (11th Cir. 2006).   To state a claim against a supervisor or employer, the plaintiff must show that the defendant personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation.   *H.C. by Hewett v. Jarrard*, 786 F.2d 1080, 1086-87 (11th Cir. 1986).   Plaintiff has not made any such allegations or connections here.

Although Plaintiff's Complaint does state that Defendant Bryan Hart was made aware of alleged constitutional violations and that Defendants Currey and Linda "Doe"

threatened Plaintiff shortly thereafter, the Complaint does not allege facts to show that Hart either "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would." *Gross v. White*, 2009 WL 2074234 at *2 (11th Cir. July 17, 2009) (citing *Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007)).   Plaintiff has thus not alleged any of the prerequisites for imposing supervisory liability on this defendant.

Therefore, it is **RECOMMENDED** that Plaintiff's §1983 claims against Gil Harrington and Bryan Hart also be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

C.     Defendant Georgia State Board of Pardons and Paroles

Plaintiff's Complaint additionally names the "Georgia State Board of Pardons and Paroles" as a defendant.   Plaintiff alleges that the Board is liable for the alleged wrongful acts of its employee, Defendant Williams Currey, under a theory of "*respondeat superior*." As discussed above, Plaintiff cannot not state a claim based upon a theory of respondent superior under § 1983.   *Miller*, 384 F.3d at 1261.

What is more, the Georgia State Board of Pardons and Paroles is immune from suit. *See Fuller v. Georgia State Bd. of Pardons and Parole*, 851 F.2d 1307, 1309 (11th Cir.1988) (parole board is immune from suit under the Eleventh Amendment).   The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought.   *Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989)). *See also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Pennhurst St. Sch. & Hosp. v.*

*Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).

It is therefore **RECOMMENDED** that Plaintiff's claim against the Georgia State Board of Pardons and Paroles be **DISMISSED** pursuant to 28 U.S.C.§1915A(b)(1)&(2).

    D.      Defendants Johnson State Prison transportation officers

The undersigned further finds that Plaintiff's Complaint fails to state a claim against the Johnson State Prison transportation officers.   Plaintiff's Complaint does not identify these parties by name.   "As a general matter, fictitious party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010).   The one exception to this rule is when the plaintiff's description of the defendant is so specific that the party may be identified for service even though his actual name is unknown. *See id*. (quoting *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992)).   Plaintiff's identification of the "transportation officers" does not appear to be sufficiently specific.

Even if Plaintiff could sufficiently identify these parties for service, his allegations against the officers do not support a constitutional claim.   In order to state an Eighth Amendment claim based on "deliberate indifference," Plaintiff must identify evidence that the officers "had '(1) subjective knowledge of a risk of serious harm; [and] (2) disregard[ed] . . . that risk; (3) by conduct that is more than mere negligence.'" *Cagle v. Sutherland*, 334 F.3d 980, 987 (11th Cir. 2003).

In this case, Plaintiff alleges that he was "thrown" from his wheelchair while being transported in the back of a van driven by the transportation officers and that they refused to stop the van after Plaintiff fell.   These allegations, even if true, fail to show that the officers' conduct (in driving and/or refusing to stop) was "more than mere negligence."

Negligent acts do not give rise to §1983 liability.   *See Daniels v. Williams*, 474 U.S. 327,

336, 106 S.Ct. 662, 667, 88 L.Ed.2d 662 (1986); *Hernandez v. Florida Dept. of

Corrections*, 281 F. App'x. 862, 866 (11th Cir. 2008) ("Allegations of negligent conduct

do not state a constitutional claim and thus, are not actionable under § 1983.").   Nothing in

Plaintiff's Complaint suggests that the officers intentionally caused Plaintiff to fall or that

they had knowledge of a risk of serious harm when they refused to stop the van.   The

allegations also fail to show that Plaintiff's injury was, at that point, sufficiently serious to

support a constitutional claim.   *See Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003).

Indeed, the gravamen of Plaintiff claims is based upon the alleged exacerbation of this

injury *after* his arrival at River Willows, not the severity of his initial injury.

For this reason and because Plaintiff has failed to sufficiently identify these parties

for service, it is **RECOMMENDED** that Plaintiff's claims against the "Johnson State

Prison transportation officers" be **DISMISSED** without prejudice for failure to state a

claim.[2]   *See* 28 U.S.C. §1915A(b)(1).   To the extent that Plaintiff has also named

"Johnsonville State Prison" as party to this action, it is **RECOMMENDED** that it also be

**DISMISSED**, as a state prison is not an entity that may be sued under §1983.   *See id*;

*Ansley v. Franks*, 2010 WL 4007626 *2 n.2 (S.D. Ga., Aug. 30, 2010) ("A . . . jail has no

independent legal existence and is . . . not an entity that is subject to suit under § 1983.").

---

[2] The undersigned further notes that any state-law claims arising out of Plaintiff's initial fall—occurring in February of 2011—are likely barred by the relevant two-year statute of limitations.   *See Owens v. Okure*, 488 U.S. 235, 236, 109 S.Ct. 573, 574, 102 L.Ed.2d 594 (1989) (citing *Wilson v. Garcia*, 471 U.S. 261 (1985)); O.C.G.A. § 9-3-33 (1982).

E.    Defendants Dr. Cravey, William Currey, and Linda "Doe"

Plaintiff's §1983 claims against Dr. Cravey, parole officer William Currey, and social worker Linda "Doe" will be allowed to go forward.   Though it is not entirely clear whether Plaintiff can prove that the River Willows' employees are "state actors" under §1983, the undersigned will assume, only for the purposes of this preliminary review, that this fact can be established. *See Parratt*, 451 U.S. at 535.   With this assumption, the undersigned finds that Plaintiff's allegations against these Defendants may support a claim for relief and that it would be premature to dismiss these parties prior to service.   It is therefore **ORDERED** that service be made on these Defendants Dr. Cravey, parole officer William Currey, and social worker Linda "Doe" and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.   Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service under Rule 4(d).

Plaintiff may serve and file written objections to the undersigned's recommendations with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order.   *See* 28 U.S.C. § 636(b)(1).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.   Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the

possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.   Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.   This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.  If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

### DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties

are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.   Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with her custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of her lawsuit under Rule 37 of the Federal Rules of Civil Procedure.

It is hereby **ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court.   This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first).   The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party.   The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil

Procedure may not exceed FIFTEEN (15) requests to each party.   No party is required to respond to any request which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered in the absence of a separate motion accompanied by a memorandum of law citing supporting authorities.   Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty days after the close of discovery unless otherwise directed.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

It is hereby **ORDERED** that the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county where he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

Collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against her prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall

remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.   Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

SO ORDERED and RECOMMENDED, this 17th day of June, 2013.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE