IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LEWIS KEY, JR., a/k/a Samuel Lewis Key, Jr., ) ) ) Plaintiff, ) ) v. ) ) WILLIAM CURRY, et al., ) ) ) Defendants. ) ) | CIVIL ACTION NO. 5:13-CV-134 (MTT) |

## ORDER

Before the Court are the Plaintiff's "Special Objections" (Doc. 28) to Magistrate Judge Stephen Hyles's Recommendation (Doc. 25) and this Court's Order (Doc. 27) dismissing Defendants William Curry, Michelle Cravey, and Linda Adams.

The Court adopted the Magistrate Judge's Recommendation and granted the Defendants' motions to dismiss on March 19, 2014.  Prior to that adoption, the Plaintiff had requested additional time to object to the Magistrate Judge's Recommendation. The Magistrate Judge denied the Plaintiff's request in a March 18, 2014 text order. However, the Court postponed entering judgment against the Plaintiff and allowed him time to file a motion for reconsideration of the Court's Order adopting the Recommendation.  (Doc. 27 at 1 n.1).  Accordingly, the Court construes the Plaintiff's "Special Objections" as a motion for reconsideration.

Reconsideration of the Court's order "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Bingham v.*

*Nelson*, 2010 WL 339806, at *1 (M.D. Ga.).  "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate [their] prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).  The Plaintiff has not met this burden.  He has not alleged an intervening change in the law nor has he presented new evidence previously unavailable to him.  Moreover, the Court is not persuaded that its ruling was clearly erroneous.

If viewed as an objection to the Magistrate Judge's Recommendation, the Plaintiff's motion, following a de novo determination of the portions of the Recommendation to which the Plaintiff objects, is similarly unpersuasive.  Had the Plaintiff filed a timely objection the Court still would have adopted the Magistrate Judge's Recommendation.

Accordingly, the Plaintiffs' motion is **DENIED**, and the Clerk of the Court is **DIRECTED** to enter judgment against the Plaintiff and in favor of Defendants Curry, Cravey, and Adams.

**SO ORDERED**, this 29th day of April, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
